U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

FEB 02 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

---

CHANTEL GOSS

versus                                              CIVIL ACTION NO. 09-0443
                                                    JUDGE TOM STAGG
HARDY ENERGY SERVICES, INC.,
ELITE COIL TUBING SOLUTIONS and
B&H RESOURCES, L.L.C.

---

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by defendants Hardy Energy Services, Inc., Elite Coil Tubing Solutions, L.L.C. and B&H Resources, L.L.C. (hereinafter collectively referred to as "the defendants"). See Record Document 10. Based on the following, the defendants' motion to dismiss is **DENIED**.

## I. BACKGROUND

The plaintiff, Chantel Goss ("Goss"), through her attorney, sent a demand letter to the defendants, attention James Hardy, Jr., a stockholder and CEO of Hardy Energy Services, Inc. and a member in and CEO of Elite Coil Tubing Solutions, L.L.C., requesting settlement of sexual harassment claims. She asserted that James Hardy, Jr. made unsolicited advances towards her while she was working for the defendants. Thereafter, the defendants and James Hardy, Jr. filed suit against Goss on July 3,

2008, in state court, alleging <u>inter alia</u>, that she embezzled from the company. On July 8, 2008, Goss filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming sex discrimination by James Hardy and listing Hardy Energy Services, Inc. and "Elite Coiled Tubing Solutions and/or B&H Resources. Inc. [sic]" as her employers. <u>See</u> Record Document 16, Ex. D. She later supplemented her EEOC charge form to allege a claim of retaliation. <u>See id.</u>, Ex. E. The EEOC terminated the charge without action and a notice of right to sue was issued on December 23, 2008. On March 18, 2009, Goss filed suit in this court against the defendants based on allegations that James Hardy, Jr. made unsolicited advances towards her. Thereafter, the defendants filed a motion to dismiss, contending that (1) Goss failed to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) Goss failed to exhaust administrative remedies and failed to comply with EEOC administrative procedures; (3) this court lacks subject matter jurisdiction in that Goss's employer did not employ more than fifteen employees pursuant to 42 U.S.C. § 2000e(b); (4) this court should "abstain from proceeding in this action," or that this court should stay this action. <u>See</u> Record Document 10. For the reasons detailed below, none of these arguments has merit.

## II. LAW AND ANALYSIS

A. **Failure To State A Claim.**

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. The defendants' Rule 12(b)(6) challenge must be determined based solely on the facts asserted in the complaint and the exhibits to the complaint. See Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007).

The defendants assert that Goss has failed to state a claim for discrimination, sexual harassment, hostile work environment and retaliation. After citing and quoting numerous Fifth Circuit cases containing hostile work environment analyses, the

defendants then fail in any manner whatsoever to analyze Goss's claims against them. The defendants' one conclusory statement that "Goss's allegations are not even close to Hockman v. Westward Commc'ns, LLC, 407 F.3d 317, 328 [5th Cir. 2004], infra, where the court rejected the claims," is woefully insufficient to dismiss Goss's claims at this (or any) stage of the proceedings. Record Document 10 at 4-5.

Goss need not allege in her complaint every fact that she might need to prove to prevail on the merits. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" along with a statement of jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). This simplified notice pleading standard need only give a defendant fair notice of what the plaintiff's claim is and the grounds upon which rests. The liberal discovery rules and summary judgment motions are then employed to explore the details of the claim. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002) (reversing dismissal of employment discrimination complaint that did not contain all specific facts to establish a prima facie case; only a short and plain statement was required). A plaintiff need not address every element of her claim, and even allegations that could be characterized as conclusional will not, alone suffice to make them insufficient. See Gen. Elec. Capital Corp. v. Posey, 415 F.3d 391 nn.5-6

4

(5th Cir. 2005). Goss's complaint easily satisfies the notice standard and asserts a claim for relief that, as required by Twombly, rises above the speculative level..

**B.  Failure To Exhaust.**

The defendants also vaguely assert that Goss failed to exhaust her administrative remedies, arguing that "Goss failed to request any form of relief in her EEOC charge and complaint." Record Document 10 at 15. Notably, the defendants did not attach a copy of Goss's EEOC charge and complaint for the court to review. Although Goss did attach a copy of her EEOC charge to her opposition to the motion to dismiss, the court is uncertain as to whether this encompasses her entire charge. Furthermore, the court notes that "[t]he scope of a judicial complaint may be as broad as the scope of the EEOC investigation which can reasonably be expected to grow out of the initial charge of discrimination." EEOC v. Wal-Mart Stores, Inc., 154 F.3d 417 (5th Cir. 1998) (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 465 (5th Cir. 1970)). In addition, from the record presently before the court, it appears that Goss did not fail to comply with EEOC administrative procedures. Thus, the court will not grant a motion to dismiss on this unsupported basis.

**C.  Requisite Number Of Employees.**

The defendants next attack Goss's assertion that she was employed by a company that had fifteen or more employees pursuant to 42 U.S.C. § 2000e(b). The

defendants have failed to present any evidence to support their argument regarding this issue and instead have improperly relied only on counsel's conclusory statements. This argument is more appropriately addressed in a motion for summary judgment requiring evidentiary materials in support, as opposed to a motion to dismiss.

**D.      Request For Abstention Or A Stay.**

Finally, the defendants assert that this court should abstain from hearing this action based on the Colorado River doctrine of abstention or, at a minimum, should stay the action because Goss did not disclose a related action pending in state court. Under Colorado River, a district court may abstain from a case only under "exceptional circumstances." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S. Ct. 1236, 1244 (1976) (citation omitted). The Colorado River abstention doctrine is based on principles of federalism, comity and conservation of judicial resources. See Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1189 (5th Cir. 1988). The doctrine represents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colo. River, 424 U.S. at 817, 96 S. Ct. at 1246.

Colorado River abstention is applied to avoid duplicative litigation when parallel proceedings are pending in federal and state court. See Diamond Offshore Co. v. A & B Builders, Inc., 302 F.3d 531, 538-40 (5th Cir. 2002). Federal and state

court actions are parallel under the doctrine if they involve the same parties and the same issues. See id. at 540. Here, as far as this court is aware, Goss has not filed a counterclaim in the state court suit and her allegations of sexual harassment are contained only in her federal court suit. In addition, the court can perceive no exceptional circumstances warranting abstention or a stay that are present in this case. See Colo. River, 424 U.S. at 813, 96 S. Ct. at 1244 (describing abstention as an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy property before it"). Therefore, the motion to dismiss on this ground is unfounded.

### III. CONCLUSION

Based on the foregoing, the defendants' motion to dismiss (Record Document 10) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 2nd day of February, 2010.

JUDGE TOM STAGG